## THE PEOPLE, &c., Respondents, *v.* FANNY SMITH and REUBEN RAGNES, Appellants.

Where a bail bond is given to appear and answer an indictment, the complaint must aver that the indictment was found, or is pending.

If the condition be to appear " wherever the indictment may be prosecuted," and there is no averment in what court it was prosecuted, it is error; and a loose statement that the accused was called " in the said Court of Sessions" is not sufficient.

APPEAL from the Sixth Judicial District.

This action was founded upon the bond of defendants, which stated that an indictment was found, on the 31st December, 1852, in the Court of Sessions of Sacramento County, charging Fanny Smith, alias Seymour, with an assault with intent to commit murder; and she having been admitted to bail in $3000, the defendants undertook that the above Fanny should appear and answer the said indictment, in whatever court it may be prosecuted; and if she fail, that obligors would pay, &c.

The complaint set forth that defendants, on the 31st December, 1852, made an obligation, which is referred to as part of the complaint, by which they bound themselves to plaintiffs in $3000, if default of certain conditions therein named, should be made by Fanny Smith, alias, &c.; and avers that " Fanny, at the time at which she was, according to the condition of the said undertaking, to appear, &c., did neglect and make default in the

fulfilment of the terms of said undertaking and condition; although called, on the 7th February, A. D. 1853, in open court, of said Court of Sessions, to answer to said indictment in said undertaking named," "and then and there the hereunto annexed undertaking was declared operative."

Defendants appeared and demurred to the complaint, for divers causes set forth, among others : That the complaint does not show that any valid indictment was found by any legally constituted tribunal; by what authority the accused had been admitted to bail, nor where, or upon whom, she committed an assault, &c. The undertaking does not stipulate a time or place or tribunal before which the accused should appear.

The court after hearing the case overruled the demurrer, and gave judgment in favor of plaintiffs, for $3000 and interest, from which defendants appealed.

*Sanders, Edwards*, and *English*, for appellants.

The averment that an indictment was found, &c., does not establish that it was found by a grand jury, or that it was in writing, preferred upon oath. 4 Black. Com. 299; Statute of 1851, 234 and 206. The law declares before whom bail shall be taken. See statutes, sects. 265, 268, p. 269; and how forfeiture shall be declared, sect. 3, 535, Ib.; and the mode of proceeding thereon, sect. 537; with which provisions the averments of the complaint do not correspond.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The declaration in this case is too defective to support the judgment. The bond given was to appear and answer an indictment; there is no averment that any indictment was found or pending. One of the conditions is for her appearance in whatever court the indictment, "may be prosecuted;" there is no averment in what court it was prosecuted, but only a loose statement that she was called in "the said Court of Sessions."

Without referring to any other defects, these pointed out are sufficient to show, that the demurrer should have been sustained.

Judgment reversed, and case remanded.