## THE PEOPLE, Respondents, *v.* DAVID SLOPER ET AL., Appellants.

TECHNICAL DEFECTS.—The initials "U. S." occurring in the title of an action by the people, is a technical defect, which does not affect the substantial merits of the cause, and hence should be disregarded.

CRIMINAL LAW—COUNTERFEITING GOLD DUST.—Simply passing counterfeit gold dust is not an offense under our penal code. The uttering must be accompanied with the knowledge that it is a false imitation, and it must have been the intention of the utterer to defraud the person receiving it.

UNDERTAKING.—The general rule is well settled that an undertaking taken for a purpose not authorized by statute is void.

Idem.—The undertaking need not set out the offense charged with the same technical particularity required in an indictment, but it will be sufficient if the offense be substantially described.

Idem.—If a recognizance undertake to recite a specific charge, a charge must be recited for which an indictment will lie.

Sureties—Liability.—Sureties on an undertaking for the appearance of a party to answer to a criminal charge can only be held responsible in default of the appearance of the principal, in the event an indictment should be found for the particular offense set forth in the undertaking.

Parties—Joint Contract.—All parties jointly liable on a contract must be made defendants in an action on the contract.

Appeal from the third judicial district, Ada county. An action to recover the penalty of the forfeited recognizance of the defendants. Judgment by default was entered June 2, 1866. Defendants appeal from this judgment. The material portion of the undertaking reads as follows: "Know all men by these presents, that we, James Sloper, as principal, and David Sloper and John Stapleton as sureties, are held and firmly bound unto the people of the United States in the territory of Idaho in the sum of one hundred dollars, conditioned," etc. The three parties above named sign the undertaking. It was further recited, that "from the testimony produced it was deemed by the court that the said James Sloper was guilty of the offense of passing counterfeit gold dust," etc. The material part of the complaint reads as follows: "Said defendants did, on the twenty-second day of April, 1865, make, execute, and deliver their certain writing obligatory whereby they promised to pay to plaintiffs the sum of one hundred dollars, upon the conditions therein mentioned, which said obligation is hereto attached, marked exhibit A, and made a part of this complaint. And the said plaintiffs aver that afterwards, to wit, on the twenty-third day of August, the said James Sloper was indicted by the grand jury impaneled in and by the district court of the third judicial district of Ada county in said territory of Idaho, and that after the presentment of said indictment in said court, the said James Sloper was duly called and came not." Whereupon it is averred that the recognizance was declared forfeited by the court.

*Scaniker & Burmester*, for the appellants:

"The people of the U. S. of the territory of Idaho" is not the proper party plaintiff. By the statutes of Idaho, all process, bonds, recognizances, and other obligations are given and run in the name of "The people of the United States of the territory of Idaho." (See Stats. of Idaho, secs. 678, 679, 105, 165.) The complaint will not support a judgment by default, because it shows no cause of action. The complaint does not state that James Sloper was indicted for any crime or offense; there is an averment that Sloper was indicted, but it does not state for what crime or offense or any crime whatever. We contend that it should be averred and stated with particularity in the complaint for what crime Sloper was indicted, and that it was the identical crime for which he was held to answer in the recognizance. The sureties can not be bound for the appearance of the accused for any other crime than that set out in the recognizance. These defects are so radical that the complaint can not support the judgment. (*People* v. *Hunter*, 10 Cal. 502; *People* v. *Fanny Smith*, 3 Id. 271; *Barron* v. *Frink*, 30 Id. 486.)

The recognizance referred to and made part of the complaint is defective and void, and will not support a judgment, for several reasons:

1. The recognizance states that James Sloper "from the testimony was deemed guilty of the crime of passing counterfeit gold dust," which recites no crime. (Stats. of Idaho, p. 455, secs. 88 and 89.) Defining the crime, the intent is what makes the crime. Such a recognizance is unauthorized by law and is void. (1 Archb. Crim. Pl. and Pr. 196.)

The offense must be substantially set out in the recognizance, and if it undertakes to set out a specific offense, a charge must be recited for which an indictment will lie, or the recognizance will be void. (1 Archb. Crim. Pl. and Pr. 196.)

The charge set forth in the recognizance is no crime. (1 Archb. Crim. Pl. and Pr. 197.) The complaint will not support a judgment by default, because the recognizance is a

joint obligation of three—James Sloper, as principal, and David Sloper and John Stapleton as sureties. All the joint obligors must be made defendants. (1 Tillinghast & Sherman's Pr. 468.)

In this case only two of the joint obligors are made defendants, and the obligation is joint and not joint and several. All three should have been made defendants, and under our practice judgment could have been taken only against those who were served with summons. This objection to the pleadings can be made at any time without demurring. It can be made by writ of error after judgment. (1 Chit. Pl. 47.)

*E. J. Curtis, district attorney,* for respondents:

1. The bond is in the usual form, and clearly shows the intention of the parties. (Bouv. Inst., under title of Bonds, 346, 347.)

2. The bond has all the requisites required by law—the people of the United States of the territory of Idaho being obligees and David Sloper and John Stapleton being obligors. Courts of law will take judicial notice of the initial letters U. S., as meaning United States: as U. S. Dist. Court, U. S. Mail, and as People of U. S. The bond recites the obligation: "Are firmly bound unto the people of the United States of the territory of Idaho," etc. (Bouv. Inst., title Abbreviations.)

3. Any omission in the complaint to state in full the obligees to the bond will not be deemed fatal when the bond is made a part of the complaint, and clearly shows the true names and intention of the parties.

Cummins, J., delivered the opinion of the Court, McBride, C. J., concurring.

The appellants assign several errors, among which the following are the most material:

1. The plaintiffs named in the complaint have not legal capacity to sue.

2. The undertaking sued upon is void in law, not being given in a case required by statute.

3. That the complaint does not state facts sufficient to constitute a cause of action.

The objection that the plaintiffs have not legal capacity to maintain an action is founded upon the fact that the abbreviations "U. S." occur in the title of the cause, namely, "The people of the U. S. of the territory of Idaho." We do not think this objection well taken. The abbreviations referred to are constantly used in statutes, in pleadings, and in almost all other classes of instruments or writings, and have a known, definite, and an unmistakable signification. They are constantly referred to as the initial letters of the term "United States," and are quite as frequently used as any abbreviations or initial letters in the language. By section 657 of the civil practice act, such abbreviations as are now commonly used in the English language are permitted to be used in all proceedings in the courts of justice in this territory.

But more than this. It is at most merely a technical objection, which does not affect the substantial merits of the action. Such errors, or defects, section 71 of the practice act declares shall be disregarded in all stages of the proceedings, and, further, no judgment shall be reversed or affected by such error or defect. The defendants were not nor could they be misled in the least by the use of those initial letters. They could not fail to understand that the people of the United States, etc., were plaintiffs, and, as they have capacity to sue, are the proper obligees to the undertaking. This objection can not be of any avail to the appellants.

The second error assigned, that the undertaking was not given in a case provided by statute, contains more merit. The recognizance recites that "whereas" at a certain preliminary examination had before a committing magistrate, one James Sloper, one of the obligors, was "deemed guilty of the offense of passing counterfeit gold dust," he was therefore required to give security for his appearance at the next term of the district court for the county. This is the only designation of an offense attempted by the undertaking.

Simply passing counterfeit gold dust is not an offense under our penal code. The uttering must be accompanied with the knowledge that it is a false imitation of gold dust, and it must further have been the intention of the utterer to defraud the person receiving it. A party may pass counterfeit gold dust perfectly consistent with an honest purpose, if not done with a design to defraud. When a prisoner was compelled to enter into a recognizance to appear and answer to a charge of "playing a game of cards," the recognizance was held defective because simply "playing at a game of cards" was not a penal offense. (1 Archb. Crim. Pl. and Pr. 197.) The general rule, which is well settled, as stated by the same authority, is that a recognizance taken for a purpose not authorized by statute is void. (Id. 195.) The undertaking need not set out the offense charged with the same technical particularity required in an indictment, but it will be sufficient if the offense be substantially described that it may appear what charge the accused is held to answer. If, however, the recognizance undertake to recite a specific charge, as in the present case, a charge must be recited for which an indictment will lie, otherwise the recognizance will be void. And as the indictment in this case fails to recite an offense known to our penal code, although an attempt was made to do so, it is fatally defective in this respect, and therefore is not sufficient upon which to maintain an action.

The third error assigned, that the complaint does not disclose a cause of action, and therefore will not support a judgment, is also well taken. There is no averment for what offense the accused was indicted, but simply states that he was indicted. It does not appear by averment, or even implication, that the indictment was found for the offense under which the accused was held to appear and answer. This was necessary to render the sureties liable on their undertaking. They could only be held responsible, in default of his appearance in the event an indictment should be found for the particular offense set forth in their undertaking. (*Vide The People* v. *Fanny Smith et al.*, 3 Cal. 271; *The People* v. *Hunter and Davis*, 10 Id. 502.)

There is another defect in these proceedings, which we

will notice in this connection, and that is, the recognizance sued upon is joint, and not joint and several; hence, all the parties executing this instrument ought to have been made defendants, this being a suit for a breach of its conditions. This is not done. One of the parties whose name appears in the body of the instrument, and who subscribed to the same, is not made a defendant in this action. All persons jointly liable on a contract must be made defendants in an action on the contract. (*Vide* Tillinghast & Sherman's Pl. 468, 469; *Bloomingdale & Co.* v. *Du Rell & Co., ante,* 33; *Lowe* v. *Turner et al.,* Id. 107.)

Judgment reversed.